# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RANDY MARS**                                                                                **PLAINTIFF**

v.                                           **CIVIL ACTION NO. 1:19-CV-290-KS-RHW**

**MISSISSIPPI EXPORT RAILROAD**
**COMPANY,** *et al.*                                                        **DEFENDANTS**

**MISSISSIPPI EXPORT RAILROAD**
**COMPANY**                                                       **CROSS-CLAIMANT**

v.

**UNITEDHEALTHCARE INSURANCE**
**COMPANY**                                                      **CROSS-DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant/Cross-Defendant UnitedHealthcare Insurance Company's Motion to Dismiss [29] Plaintiff's COBRA claim against it and Motion to Dismiss [37] Defendant/Cross-Claimant Mississippi Export Railroad Company's crossclaim.

## I. BACKGROUND

Plaintiff was employed by Defendant Mississippi Export Railroad Company ("MERC") for over thirty years, and in November 2018 MERC terminated his employment. Plaintiff alleges that MERC terminated him because of his age and hired younger employees with substantially less experience and qualifications, in

violation of the Age Discrimination in Employment Act ("ADEA").[1] Plaintiff also alleges that MERC and Defendant UnitedHealthcare Insurance Company ("United") failed to notify him of the availability of continuing insurance coverage pursuant to the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA").[2] Finally, Plaintiff alleges that MERC breached provisions of the Separation Notice given to him upon his termination.

MERC asserted a crossclaim against United, alleging that it was responsible for failing to provide Plaintiff with the required COBRA notice. MERC contends that United's failure to provide notice to Plaintiff constituted a breach of its fiduciary duties to MERC, entitling MERC to relief under 29 U.S.C. § 1132(a)(1)(b), (a)(3), including but not limited to indemnification for any recovery Plaintiff may obtain against MERC for his COBRA claim.

United filed two Motions to Dismiss [29, 37] – one to dismiss Plaintiff's COBRA claim against it, and one to dismiss United's crossclaim. Both motions are ripe.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted).

---

[1] 29 U.S.C. § 621, *et seq.*
[2] *See* 29 U.S.C. §§ 1161, 1166.

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

### III. MOTION TO DISMISS [29]

First, United filed a Motion to Dismiss [29] Plaintiff's COBRA notice claim against it. United argues that a COBRA notice claim is only viable against the plan sponsor or administrator, and that Plaintiff's claim fails because United is neither. In response [58], Plaintiff conceded that Count II of the Second Amended Complaint should be dismissed as to United. Therefore, the Court grants United's Motion to Dismiss [29] Count II of the Second Amended Complaint with respect to Plaintiff's claims against United.

### IV. MOTION TO DISMISS CROSSCLAIM [37]

Next, United argues, among other things, that MERC's crossclaim fails because it owed MERC no fiduciary duty to provide COBRA notice to Plaintiff. Before the Court addresses United's argument, it must clarify the nature of MERC's crossclaim. In briefing, MERC refers to a contract it had with United, the "COBRA Administrative Services Acknowledgment." *See* Exhibit B to Response, *Mars v. Miss. Export R.R. Co.*, No. 1:19-CV-290-KS-RHW (S.D. Miss. Dec. 5, 2019), ECF No. 54-2. MERC argues that United had a contractual duty under this agreement to provide COBRA notifications on MERC's behalf.

However, in its pleading, MERC did not frame the crossclaim as one for breach of contract. In fact, MERC did not refer to any contract in its pleading. Rather, MERC baldly asserted that United was responsible for providing the COBRA notification at issue, and that its failure to do so constituted a breach of fiduciary duty, entitling

MERC to relief under 29 U.S.C. § 1132. This creates at least two problems for MERC. First, the crossclaim currently before the Court does not sound in contract, rendering MERC's briefing on the present motion incongruous with the actual issue presented. Second, MERC did not refer to the "COBRA Administrative Services Acknowledgment" or any contract in its crossclaim. The Court declines to convert the present motion to one for summary judgment under Rule 56, and, therefore, it may not consider the alleged contract. Accordingly, the question presented by MERC's crossclaim and United's motion is whether United had a fiduciary duty to MERC to provide COBRA notices to MERC's employees.

COBRA "require[s] an employer that sponsors an employee benefits plan to offer a plan beneficiary, who is usually an employee or dependent, the option of continued coverage under the plan for an interval specified" by statute upon a qualifying event, such as termination. *Lopez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507 (5th Cir. 2004). "As part of its obligations under the COBRA, the plan administrator, usually the employer, must notify the beneficiary of her rights under COBRA after the qualifying event occurs." *Id.* at 507-08; *see also* 29 U.S.C. § 1166(a)(4); *Hager v. DBG Partners, Inc.*, 903 F.3d 460, 466 (5th Cir. 2018). "An administrator is either the plan sponsor . . . or a person designated in the terms of the plan." *Hager*, 903 F.3d at 466 n. 25 (citing 29 U.S.C. § 1002(16)(A)). COBRA's definition of a "plan sponsor" depends on who established or maintained the plan:

> The term "plan sponsor" means (i) the employer in the case of an employee benefit plan established or maintained by a single employer,

5

(ii) the employee organization in the case of a plan established or maintained by an employee organization, (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan, or (iv) in the case of a pooled employer plan, the pooled plan provider.

29 U.S.C. § 1002(16)(b).

United, the insurer, does not fit within any of these definitions. In fact, the plan specifically provides that United is "not an employer or plan administrator for any purpose with respect to the administration or provision of benefits under the Group's benefit plan," and that it is "not responsible for fulfilling any duties or obligations of an employer or plan administrator with respect to the Group's benefit plan." Exhibit 1 to Motion to Dismiss at 4, *Mars v. Miss. Export R.R. Co.*, No. 1:19-CV-290-KS-RHW (S.D. Miss. Oct. 10, 2019), ECF No. 29-1.[3] Accordingly, United was not the plan administrator, and it had no statutory duty to provide Plaintiff a COBRA notice.

The question remains whether United had a fiduciary duty to Plaintiff's employer, MERC, to provide a COBRA notice. It did not. "One is a 'fiduciary' under ERISA only to the extent . . . he exercises any discretionary authority or discretionary control respecting management . . . or disposition of plan assets." *Mary Kay Holding Corp. v. Fed. Ins. Co.*, 309 F. App'x 843, 849 (5th Cir. 2009) (punctuation omitted) (quoting 29 U.S.C. § 1002(21)(A)). Although some Circuits "have allowed fiduciary-

---

[3] The Court may consider the plan because it was referenced in both the Second Amended Complaint and MERC's crossclaim, and it is central to Plaintiff's claims and MERC's crossclaim.

based relief for failure to advise participants of COBRA rights," the Fifth Circuit has "taken care to distinguish between fiduciary and statutory ERISA duties." *Id.* at 849-50 (citing *Lopez*, 389 F.3d at 509 n. 9).

Moreover, to the extent HERC intended to assert any state-law claim for breach of fiduciary duty, it would be preempted by ERISA. *See, e.g. Sherman v. Lexington Concrete & Block Co.*, 908 F. Supp. 2d 809, 810-811 (S.D. Miss. 2012).

> To determine whether a claim is preempted by ERISA, the Fifth Circuit has directed application of a two-prong test, which asks: (1) whether the claim addresses areas of exclusive federal concern and not of traditional state authority, such as the right to receive benefits under the terms of an ERISA plan, and (2) whether the claim directly affects the relationship among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Williams v. Smith*, 350 F. Supp. 2d 739, 742 (S.D. Miss. 2004) (citing *Hobson v. Robinson*, 75 F. App'x 949, 953 (5th Cir. 2003). The first prong is satisfied because MERC's crossclaim concerns the statutory right to receive COBRA notices, which is exclusively a matter of federal law. *Id.* The second prong is satisfied because MERC's claim directly affects the relationship between traditional ERISA entities: in this case, an employer and an insurer. *Id.*

## V. CONCLUSION

For these reasons, the Court **grants** Defendant UnitedHealthcare Insurance Company's Motion to Dismiss [29] Plaintiff's COBRA claim against it and Motion to Dismiss [37] Defendant/Cross-Claimant Mississippi Export Railroad Company's crossclaim against it. Count II of the Second Amended Complaint is **dismissed with**

**prejudice** as to Defendant United Healthcare Insurance Company, and Defendant/Cross-Claimant Mississippi Export Railroad Company's crossclaim against Defendant/Cross-Defendant United Healthcare Insurance Company is likewise **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this 3rd day of April, 2020.

                                                  /s/     Keith Starrett
                                                            KEITH STARRETT
                                        UNITED STATES DISTRICT JUDGE